GARY S. HANN, pro se
Adversary Plaintiff
yragnnah@gmail.com
(175 Butterfield - NO MAIL!)
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140


                    UNITED STATES BANKRUPTCY COURT

            CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE


| | |
|---|---|
| IN RE HANN, GARY S. | Case No. 6:14-bk-22067-MW |
|     Debtor. | |
| _____ | Chapter 7 |
| GARY S. HANN, | |
|     ADVERSARY PLAINTIFF AND INTERVENOR OF RIGHT, | Adv. No. _____ |
|     VS. | |
| WALLACE P. PITCHFORD AND ALL OTHERS LIVING AT THE SUBJECT PROPERTY AT 819 JEFFERSON, YPSILANTI, MI 48197, | COMPLAINT UNDER THIS COURT'S EXCLUSIVE JURISDICTION OVER CORE PROCEEDINGS, FOR INJUNCTIVE AND DECLARATORY RELIEF, FOR DETERMINATION AND CANCELLATION OF WRONGFUL INSTRUMENTS, FOR RELIEF FROM WRONGFUL TAKINGS OF EXEMPT ASSETS INCLUDING THE SUBJECT PROPERTY, AND FOR TURNOVER OF $4,275 IN MONIES WRONGFULLY TAKEN, FRBP 7001 (1, 2, 7, 9); 11 U.S.C. SECTION 157; 362; 542(A, E); 550. |
|     Defendants. | (STATUS CONFERENCE AND/OR |

1

HEARING DATE TO BE SET BY SUMMONS)

JURY TRIAL DEMANDED

TO THE HONORABLE MARK S. WALLACE, UNITED STATES BANKRUPTCY JUDGE, AND ALL INTERESTED PARTIES:

Now comes Intervenor of Right, Adversary Plaintiff and 100% Disabled Retiree-Debtor Gary S. Hann ("Hann"), who demands a jury trial and who deposes and says as follows:

**BANKRUPTCY RULE 7008(a) and LBR 7008-1 STATEMENT**

1.   This is a core proceeding by Intervenor of Right, Adversary Plaintiff and Debtor Hann ("Hann"),  Pursuant to the provisions of 28 U.S.C. Section 157, and to FRBP 7008, Hann does not consent to entry of final orders by the Bankruptcy Court.  And demands a District Civil Court Jury Trial after pre-trial matters are concluded by this Bankruptcy Court.

**JURISDICTIONAL STATEMENT**

2.  District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). This matter is entirely a core proceeding, because it depends on the Bankruptcy

2

Code for its existence, and could not be brought in another court,

11 U.S.C. Section 157(b)(2)(E, F, I, K); FRBP 7001.

   3.   In re Tallerico, 532 B.R. 774 (2015):

> "Federal subject-matter jurisdiction is founded on 28
> U.S.C. § 1334. An objection to a claim of exemption, a
> proceeding to avoid the fixing of a lien, and a request
> for an order to turn over Subject Property of the estate
> are all core proceedings that a bankruptcy judge may
> hear and determine as of right. 28 U.S.C. §§ 157(b)(2)(B),
> (E) & (K)".

   4.   The jurisdiction of bankruptcy courts is nationwide.  From

the United States Department of Justice Manual, No. 188 –

BANKRUPTCY JURISDICTION – PERSONAL JURISDICTION:

> "1. Because of nationwide service of process authorized
> by Fed. R. Bankr. P. 7004(d), the minimum contacts
> doctrine does not apply in bankruptcy proceedings at
> least with respect to defendant residents of the United
> States. B.W. Dev. Co. v. John B. Pike & Son, Inc., 49
> B.R. 129, 131-32 (Bankr. W.D. Ky. 1985); accord Pongetti
> v. Laws (In re Self), 51 B.R. 683, 685 (Bankr. N.D. Miss.
> 1985)".

   5.   It is long settled that all partners in a law firm are

responsible, under vicarious liability, for wrongful actions or

inactions of the partnership, by reason of their relationship to

the lead attorney in a specific action, as here.


**PREAMBLE AND STANDING**

   6.   Intervenor of Right, Adversary Plaintiff and Debtor Gary

S. Hann ("Hann") is a 100% disabled retiree, sole owner, funder

and beneficiary of the "Exempt Hann Roth IRA and/or successors" (properly and formally titled: Equity Trust Co. Custodian FBO Gary S. Hann IRA).

7. To establish standing, a Plaintiff must establish injury, causation and redressability. Injury requires a Plaintiff to show that it:

> "Has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

8. Intervenor of Right, Adversary Plaintiff and Debtor Hann ("Hann") has standing to bring this adversary action for injunctive relief, declaratory relief, determination of the extent and priority of Defendants Pitchford et al.'s rights if any, cancellation of instruments, and wrongful taking of $4,275, plus costs. *In re Wagabaza*, Case No. 6:07-bk-17151-MJ, Adversary No. 6:17-ap-01117-MJ United States Bankruptcy Court, C.D. California, Riverside Division. February 9, 2018.

> "These claims for relief are similar in their factual and legal predicate and from this court's perspective, a ruling for Debtor on any one of them would compel a ruling for Debtor on the others".

9. Pursuant to the Court's jurisdiction of this matter as a core proceeding under 28 U.S.C. § 157(b)(2)(I), Hann is the sole

4

beneficiary of the Exempt Hann Roth IRA and/or successors which is

now in a position as Creditor for sums, wrongfully and fraudulently

taken, that belonged to it pursuant to the Court's discharge

injunction on 01/12/2015, Docket No. 12.  The Exempt Hann Roth IRA

and/or successors was abandoned by the Trustee pursuant to its NDR

Report on 11/06/2014 and to the closing of the initial case on

09/21/15.  *In re Jensen-Ames*, Bankruptcy No. 10-14185, Adversary

No. 10-01684, United States Bankruptcy Court, W.D. Washington,

Seattle. March 30, 2011.

> "In this case, Equity Trust Company, as custodian for
> plaintiffs' IRAs, was the party to each of the relevant
> agreements at issue.
>
> "The agreements, however, expressly indicate that Equity
> Trust Company is operating for the benefit of (e.g.
> "fbo") both John Gelber and Terry Smith. Therefore, **_the
> Court finds that John Gelber and Terry Smith were the
> express and intended third-party beneficiaries of the
> agreements. As such, the plaintiffs have a right to sue
> to enforce the terms of the agreements._**
>
> "Because the plaintiffs have such a right, which arose
> prior to the filing of Ms. Jensen-Ames' bankruptcy, they
> have a "right to payment" sufficient to support a claim
> in bankruptcy, thereby making each a creditor. As
> creditors, plaintiffs have standing to pursue their
> complaint to determine the dischargeability of the
> debt".

10.   Hann may properly defend his wholly owned Gary S. Hann

Exempt Roth Individual Retirement Account because he is Intervenor

of Right, and per *Appollinari v. Johnson*, 104 Mich.App. 673 (1981):

5

" . where the trustee .. refuses or neglects to bring suit, the beneficiary may sue in equity".

11.   Intervenor of Right, Adversary Plaintiff and Debtor, Hann is also a person aggrieved, because he has a substantial pecuniary interest in a securely funded retirement; Congress has always expressly declared the intent that retirement funds be reserved for retirement.

12.   Debtor Hann has fully met the qualifications and standards that he be designated Intervenor of Right pursuant to Fed.R.Civ.P. Rule 24, Fed.R.Bankr.P. 7024, based on his detailed pleading, Docket No. 47, and has been so designated by the Court as Intervenor of Right.

13.   Hann brings this action without improper purpose, in good faith and in sincere belief that the claims made are correct, meritorious and predicated on a firm legal foundation, and therefore deserving of full consideration.

14.   Hann further avers that statements of fact herein are true and accurate to the best of his information, knowledge and belief, and that he is fully competent to testify thereto.

15.   Hann has made extraordinary, multiple efforts on the record to request relief from Defendants Pitchford et al.; state court remedies are unavailable or woefully inadequate to remedy the deprivations and violations for which he seeks relief.

16.  Hann respectfully requests that this Honorable Court not reject this matter for technical or procedural reasons, but rather that this Court either correct such deficiencies sua sponte, or permit Hann to make such minor technical or procedural changes as may be found from time to time. *Haines v. Kerner*, 404 US 519, 520, 92 S.Ct. 594, 596 (1972).

17.  Hann additionally respectfully reminds the Court, and requests, that he be given any reasonable latitude in accordance with, and as has been mandated by, federal decisions and practice. *Castro v. US*, US No. 02-6683, 124 S.Ct. 786 (2003); *Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999), *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

**VENUE**

18.  Venue is appropriately in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2) because Debtor Hann resides in Riverside County, CA and filed his petition for relief in this Court, and because all the Exempt Hann Roth IRA and/or successors Owned assets of Hann's IRA is intangible personal Subject Property, situated in this District where Owner Gary S. Hann resides, pursuant to the Michigan Court of Appeals decision on IRAs in *Macatawa Bank v. Wipperfurth,* 294 Mich.App. 617 (2011) ("***the situs of intangible***

*[IRA] assets is the domicile of the owner unless fixed by some positive law."*)

19.  Venue is further appropriate because Intervenor of Right, Debtor and Exempt Hann Roth IRA Beneficiary Hann is a 100% disabled retiree, and would not be able to make numerous difficult trips of about 4,600 miles round trip to any Michigan Court for routine hearings.  Debtor Hann expects that Defendants will retain Central District of California counsel and also, that this matter will in all likelihood not come to trial, but will be settled, either on the face of the pleadings by summary disposition, or by an agreement between the parties.

**GENERAL ALLEGATIONS APPLICABLE THROUGHOUT;** *ROOKER–FELDMAN*

20. This adversary proceeding has six claims for relief, all turning on the factual background described in the Facts Section: (1) Injunctive relief against Defendant's enforcement of its claims against Hann and against the Exempt Hann Roth IRA and/or successors;

(2) Declaratory relief, for a declaration that Defendants Pitchford et al. have no claim against Hann or against the Exempt Hann Roth IRA and/or successor's monies or property;

(3) Determination of the extent, priority and validity of the Pitchford et al. claims, if any, 11 U.S.C. Section 157(b)(2)(K);

8

(4) For cancellation of wrongfully recorded instruments, 11 U.S.C. Section 157(b)(2)(F); and

(5) For wrongful collection/taking of $4,275 of Hann's and the Exempt Hann Roth IRA and/or successors's rightful monies; and

(6) For determination of the liability of the parties under 11 U.S.C. Section 550, for immediate turnover of the fraudulently taken $4,275, for costs of about $1,000, each compounded monthly at 15% from the date of the petition for relief, 09/27/2014, to the present pursuant to 11 U.S.C. Sections 157(b)(2)(E); 542 (a, e); 550.

21.   The *Rooker-Feldman* doctrine has no application here. Hann is not seeking to have the bankruptcy court review the merits of any state court judgment; rather, he is attempting to prevent the bankruptcy court from giving effect to the claims if any which resulted from the state court judgment.

> "***This claim is not barred by Rooker-Feldman because it does not invite the bankruptcy court to review the state court's handiwork.*** Although it is true that Isaacs's initial adversary complaint generally asks for relief from the state-court judgment, this particular claim does not call for "appellate review" of that judgment because the bankruptcy court could hold for Isaacs on this claim without finding any error in the state court's judgment whatsoever. . . . Thus, in entering its foreclosure judgment, the state court determined only whether the lien attached; . . .
>
> This means that the bankruptcy court could accept the state court's judgment as completely correct when entered, yet still rule for Isaacs on the ground that

the lien was never perfected. ***No Rooker-Feldman problem is presented, then, because the bankruptcy court need not review the state court's judgment at all.*** The Supreme Court has emphasized that *Rooker-Feldman* is "a narrow doctrine, confined to `cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006) (per curiam) (quoting *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517); see also *Skinner v. Switzer*, 562 U.S. 521, 531-32, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011)."  895 F.3d 904 (2018).  *IN RE: Linda S. ISAACS, Debtor.  Linda S. Isaacs, Plaintiff-Appellant, v. DBI-ASG Coinvestor Fund, III, LLC, Defendant-Appellee*.  United States Court of Appeals, Sixth Circuit.  Argued: January 24, 2018. Decided and Filed: July 18, 2018.

22.  The use of the term "Without Jurisdiction" herein means a knowing, on the settled record, facial failure of a court to follow the laws and procedures regarding the limits of its authority.

23.  The use of the term "Void" herein with respect to any and all process, pleadings, hearings, orders, judgments, liens, and or attachments, means that the court lacked lawful authority and/or jurisdiction to adjudicate or grant relief in the matter.

24.  Hann alleges all elements of Unjust Enrichment, pursuant to the terms of 11 U.S.C. Section 550, against Defendants Pitchford et al., those being:  1) An Enrichment; 2) An Impoverishment; 3) A Connection Between the Enrichment and the Impoverishment; 4) Absence of a Justification for the Enrichment and Impoverishment;

and 5) An Absence of a Remedy provided by the Law; it would be inequitable or unconscionable for the defendant to enjoy the benefit without lawfully gaining it.

25.    Debtor Hann may recover under § 550 on account of a purported transfer avoided under § 522(h) as either a judicial lien or a non-possessory, nonpurchase-money security interest under § 522(f), which recovery is preserved for the benefit of the debtor to the extent of the debtor's exemption, which in this case is unlimited. 11 U.S.C. §§ 522(i) & 550; cf. *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386, 390-91 (9th Cir. BAP 2003)(§ 522(f) elements).

## RECITATION OF INDISPUTABLE FACTS

26.    "Equity Trust Co. Custodian FBO Gary S. Hann IRA" is Debtor's Hann's real estate Exempt Roth Individual Retirement Account.

27.    The non-entity "Equity Trust Co. Custodian FBO Gary S. Hann IRA" is the nominal legal name of Debtor Hann's real estate Exempt Roth Individual Retirement Account ("Exempt Hann Roth IRA and/or successors"), held by a passive Custodian in Elyria, Ohio; the Custodian makes no decisions whatever regarding the Exempt Hann Roth IRA and/or successors, but only follows the legal directives of Gary S. Hann, the Exempt Hann Roth IRA and/or successors's Sole Funder and Beneficiary.

28.    Debtor Hann's Exempt Roth IRA is a self-directed Individual Retirement Account trust formed and regulated under 26 U.S.C. Sections 408 and 408A of the IRS Code "for the exclusive benefit of an individual", being intangible personal Subject Property of Gary S. Hann ("Hann"), a California resident.

29.  In 2010, Defendants Pitchford et al. signed a document called a "Land Contract", to make monthly payments on a rent to own plan, by the Exempt Hann Roth IRA, on the Subject Property at 819 Jefferson, Ypsilanti, 48197, and legally described as:
**Lot 139 of Park Ridge, according to the plat thereof recorded in Liber I of Plats, Page 27 of Washtenaw County Records.**
**Sidwell/Tax I.D. No.: 11-11-37-155-002.**
**COMMONLY KNOWN AS: 819 Jefferson (entire house), Ypsilanti, MI 48197.**

30.  At that time, Defendants Pitchford et al. showed a secure Pension/Social Security Income of well of $4,000/month, which has surely risen yearly with inflation adjustments, and thus easy and full ability to make regular monthly payments.

31.  Defendants Pitchford et al. made regular payments of $675 to the Exempt Hann Roth IRA for several years, and in 2013 signed an updated document called "Land Contract".

32.  Shortly thereafter, prior to Plaintiff and Debtor Hann's petition for order of relief on 09/27/2014, Defendants Pitchford et al. began a pattern of one or more of the following and included but not limited to:
a. making payments erratically; or,
b. Not making payments at all; or,
c. Requesting waiver of payment for several months; or,
d. Asking for a return of money from their escrow account.

33.  Defendants Pitchford et al. were thus in violation and in default of their 2013 Land Contract Agreement.

34.  Upon information and belief, Defendants Pitchford et al. made a number of changes to the property, including structural changes, without notifying Plaintiff Hann as required by the 2013 Land Contract.

35.  Defendants Pitchford et al. were thus in violation and in full and irredeemable default of their 2013 Land Contract Agreement.

36.  Defendants Pitchford et al.'s erraticism on payments became more pronounced in the years 2016 through 2020, and much more frustrating to Plaintiff Hann.

37.  In early February, 2020, Plaintiff Hann became so frustrated with Defendants Pitchford et al.'s continuing default on their 2013 Land Contract Agreement, that he served a document entitled "Forfeiture Notice – Land Contract", giving Defendants Pitchford et al. 15 days to cure their default, and if uncured, the loss of any right, title or interest in the Subject Property.  See Attachment.

38.  Defendants Pitchford et al. did not cure their Land Contract Default, and under Michigan law, lost all right, title and interest in the Subject Property on February 20, 2020.

39.  Plaintiff Hann's Exempt Hann Roth IRA did not collect any rent from Defendants Pitchford et al. for March or April, 2020, when the normal HUD rent would have been $1,150/month.

40.  Plaintiff Hann's Exempt Hann Roth IRA formed a lease contract with Defendants Pitchford et al. from May 3, 2020 to May 2, 2021 at the bargain rent of $750/month.  Therein, Defendants Pitchford et al. acknowledged their full and irredeemable default on their purported Land Contract and on any claims against the Exempt Hann Roth IRA.  See Attachment.

41.  Defendants Pitchford et al. made the required monthly payments in and June, 2020, but then began making very low payments of $675/month, in abject violation of their lease contract.  See Attachment.

43.  Plaintiff Hann repeatedly attempted to call Defendants Pitchford et al, but the calls were not answered and the messages left were ignored by Defendants Pitchford et al.

43.  Plaintiff Hann repeatedly sent text messages to the phone of Defendants Pitchford et al., but but none were answered.

44.  Plaintiff Hann repeatedly sent "Notices to Quit" to Defendants Pitchford et al., repeatedly demanding the correct rent or possession of the Subject Property to the Exempt Hann Roth IRA. See Attachment.

45. There was no response, and there has never been even a hint of a response, from any Defendants Pitchford et al., who have become unjustly enriched from their repeated takings from the Hann's Exempt Hann Roth IRA and/or successors.

13

46.  On April 20. 2021, on behalf of his Exempt Hann Roth IRA, Plaintiff Hann sent a number of documents to Defendants Pitchford et al., including:
Notice to Quit to Recover Possession of Property.
Demand for Possession – Non-Payment of Rent.
Official Notice of Lease Termination Letter.
See Attachment.

47.  Defendants Pitchford et al. have ignored these legal form documents at their own peril.  See Attachment.

48.  Defendants Pitchford et al. made and unwanted and unneeded "payment of $675" on or about May 3, 2021, without any legal authority whatever, which is hereby rejected as any form of "monthly rent", but will be credited to the growing amount of takings from the Exempt Hann Roth IRA as follows.

49.  Plaintiff Hann will not accept any further payments or any attempts at self-help by Defendants Pitchford et al., and notes that the said Defendants have become unjustly enriched at the expense of the Exempt Hann Roth IRA in the amounts of:
$1,150 for March, 2020.
$1,150 for April, 2020.
$1,500 for unpaid rent from July, 2020 to April, 2021.
$1,150 for illegal holdover rent for May, 2021.
**$4,950 TOTAL.**

Less:

$675 credit against debt for attempted payment for May, 2021.

**$4,275 OWED.**

50.  Plaintiff Hann, on behalf of his Exempt Hann Roth IRA, is entitled to, and will, invoke a holdover rent of $1,150/month beginning on May 20, 2021.  Plaintiff Hann's current successor IRA Trustee is Millennium Trust Co., Custodian FBO Gary S. Hann Roth IRA, which is entitled to quieting the title forevermore in its sole name.


**COUNT I – INJUNCTIVE RELIEF SOUGHT AGAINST ALL DEFENDANTS**

51.  Hann incorporates Paragraphs 1 to 50 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction to invoke forthwith the following injunctions:

Enjoin Defendants Pitchford et al. from transferring or selling any of their own property or assets, other than transactions provable as normal course of business.

Enjoin Defendants Pitchford et al. from causing any waste or loss of value in the defaulted Subject Property, and requiring Defendants to maintain insurance and keep maintenance current.

Enjoin Defendants from bringing any claims whatever, anywhere but this Court as unsecured, non-priority claims.

**COUNT II – DECLARATORY RELIEF SOUGHT AGAINST ALL DEFENDANTS**

52.  Hann incorporates Paragraphs 1 to 51 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, to make the following declarations:

Declaration that the defense of discharge in bankruptcy, pursuant to 11 U.S.C. Sections 524; 727(b), is a self-executing, absolute, nonwaivable defense; there was no requirement that the fact of bankruptcy protection be raised in state court.

Declaration that Defendants Pitchford et al. unlawfully and fraudulently converted $4,275 of the Exempt Hann Roth IRA and/or successors assets to their own use, and continue to perpetrate the fraud of refusing to turn over the Exempt Hann Roth IRA asset.

Declaration that Defendants Pitchford et al. must forthwith pay $1,150 per month from the date they failed to turn over the asset, May 3, 2021, to the date they finally turn over the asset.

Declaration that the Defendants Pitchford et al. turn over the $4,275 liquidated monies owed, and the Subject Property at 819 Jefferson, Ypsilanti, MI 48197, to the Exempt Hann Roth IRA and/or successors, and that all Defendants comport with the Court's determinations for recovery of money and property under 11 U.S.C. Section 550.

Declaration that Adversary Plaintiff and Debtor Hann may further pursue purely state court claims, including but not limited to damages from violation of the Court's discharge injunctions, slander of title, unlawful conversion, intentional infliction of emotional distress and loss of quality of life in being denied rightful and available retirement funds and income, in any other forum with jurisdiction.

**COUNT III – DETERMINATION OF THE EXTENT, PRIORITY AND VALIDITY OF THE PITCHFORD CLAIMS IF ANY, SUCH THAT THE PITCHFORD ET AL.'S CLAIMS IF ANY, WERE VOID AND THAT ALL INSTRUMENTS RECORDED AS PART OF, OR FLOWED FROM, THE PURPORTED BUT VOID LIENS, IF ANY, WERE ALSO VOID; 11 U.S.C. SECTION 157(b)(2)(K).**

53. Hann incorporates Paragraphs 1 to 58 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, that:

54. Defendants Pitchford et al. have no lawful right of any kind to take and possess the Subject Property at 819 Jefferson, Ypsilanti, MI 48197. As a result of any void and unenforceable Pitchford et al. claims, the $4,275 value taken by Defendants Pitchford et al. were blatantly unjust enrichment.

55. Debtor Hann seeks the immediate voiding of Defendant's wrongful taking of the $4,275, and its and the Subject Property's

immediate return, with interest and costs compounded monthly at 15%.

**COUNT IV — FOR CANCELLATION OF INSTRUMENTS, INCLUDING THE CLAIMS IF ANY OF DEFENDANTS PITCHFORD ET AL., ALONG WITH ANY OTHER INSTRUMENTS TRANSFERRING ANY MONETARY INTEREST OF HANN'S OR OF THE EXEMPT HANN ROTH IRA AND/OR SUCCESSORS TO ANYONE BUT THE EXEMPT HANN ROTH IRA AND/OR SUCCESSORS; 11 U.S.C. SECTION 157(b)(2)(F).**

56.  Hann incorporates Paragraphs 1 to 55 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, that:

57.  As noted in the Fact Section, Paragraphs 26 to 56 above, and arguments herein, Defendants Pitchford et al.'s claims if any, were void, and that anything that flowed from them was equally void.

58.  Debtor Hann respectfully requests that the Court cancel and deem void and unenforceable, all instruments with respect to the Subject Property at 819 Jefferson, Ypsilanti, MI 48197 taken, and grant the $4,275 value taken from Debtor Hann and from the Exempt Hann Roth IRA monies subsequent to the date of the petition for relief, 09/27/2014, and revoke any of Defendants Pitchford et al.'s claims, if any, thus quieting title forevermore in the Subject Property to Plaintiff Hann's successor IRA Trustee.

**COUNT V – FOR WRONGFUL $4,275 IN VALUE TAKEN BASED ON PURPORTED SUBJECT PROPERTY CLAIMS IF ANY; THE PITCHFORD ET AL.'S CLAIMS IF ANY, BEING EXTINGUISHED BY THIS COURT AS OF THE DATE OF PETITION FOR RELIEF, 9/27/2014; 11 U.S.C. SECTION 157(b)(2)(E).**

59. Hann incorporates Paragraphs 1 to 58 of this Complaint as though fully set forth herein; Hann respectfully petitions this Court of exclusive jurisdiction, pursuant to the settled record and the facts stated herein, that:

60. As noted in the Facts Section, Paragraphs 26 to 56 supra, the Pitchford Defendants et al.'s claims if any, are absolutely void with respect to the Exempt Hann Roth IRA, owner of the Subject Property.

61. At the time of Defendant Pitchford et al.'s enjoying the $4,275 value, there was no debt or other obligation by the Exempt Hann Roth IRA, and consequently, there was no claim.  .

> "Section 524 specifies that the discharge voids any preexisting judgment and case law holds that an act in violation of the discharge injunction is void. *In re Gurrola*, 328 B.R. at 171. **Since the existence of an obligation is necessary to creation of a lien. [Any] assertion [of debt] is void under §524 and everything that flows therefrom is also void**" *Wagabaza*, supra.

62. Hann therefore requests agreement of the parties, or a determination by the Court, that Defendants Pitchford et al.'s claims if any, and all the flowed from them, were void.

18

**COUNT VI - FOR DETERMINATION OF THE LIABILITY OF THE PARTIES UNDER 11 U.S.C. SECTION 550, AND FOR IMMEDIATE TURNOVER OF THE SUBJECT PROPERTY AND THE $4,275 IN MONIES UNJUSTLY ENRICHED BY EACH AND EVERY PARTY SO ENRICHED, PURSUANT TO 11 U.S.C. SECTION 157(b)(2)(E); 11 U.S.C. SECTION 550.**

63.   Hann incorporates Paragraphs 1 to 62 of this Complaint as though fully set forth herein.

64.   Because the Trustee abandoned the Exempt Hann Roth IRA to Debtor Hann as of the closing of the case, Hann demands turnover of the Subject Property and of the $4,275 value of the Exempt Hann Roth IRA and/or successor's monies, 11 U.S.C. Section 157(b)(2)(E), and turnover of the amounts and Subject Property determined as unjust enrichment under 11 U.S.C. Section 550 by a competently selected jury to Hann and to the Exempt Hann Roth IRA and/or successors, plus interest and costs compounded monthly at 15% from the date of failure to turn over the Exempt Hann Roth IRA asset, the Subject Property, the rate that Hann's Exempt Hann Roth IRA have been earning investment returns.

## RELIEF REQUESTED

65.   Adversary Plaintiff and 100% Disabled Retiree-Debtor Hann respectfully requests that:

a) Defendants return the $4,275 valuation taken made as a result of unlawful conversion of profits and/or income to its rightful

owners, the Exempt Hann Roth IRA and/or successors, "Equity Trust Co. Custodian FBO Gary S. Hann IRA"; and

b) Defendants Pitchford et al., or the Court, cancel all documents and instruments that flowed from the Pitchford et al.'s claims if any, and quiet title forevermore in Plaintiff Hann's successor IRA Trustee; and

c) Defendants Pitchford et al. pay hostile holdover rent of $1,150/month from the date of refusal to turn over the Subject Property asset, May 3, 2021, to the date of actual and complete turnover, plus late charges of $100 for every month not paid timely.

d) All parties serve any and all proceedings, pleadings and documents by receipted E-mail or through the Court's electronic filing system; and

e) Defendants submit to a jury trial for a determination of their lawful obligations to turn over the Subject Property under 11 U.S.C. Section 550 to Hann's Exempt Hann Roth IRA, including but not limited to interest and costs at 15% compounded monthly, the rate at which Hann's Exempt Hann Roth IRA have been earning from investments.

**<u>PROOF OF SERVICE</u>**

Dated this 19th of May, 2021; Served today with Adversary Cover
Sheet and Attachment by sending to the electronic drop box of
the Clerk of the Court.

*Gary S. Hann*
_____
Gary S. Hann, INTERVENOR OF
RIGHT AND PLAINTIFF-DEBTOR